UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JEFFREY SPITZ, individually and on behalf of
all others similarly situated,

                      Plaintiff,                        **MEMORANDUM & ORDER**
                                                                   19-CV-6722 (PKC) (SJB)

          - against -

NATIONWIDE CREDIT, INC., and
John Does 1–25,

                      Defendants.
----------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Defendant Nationwide Credit, Inc. ("NCI") sent Plaintiff Jeffrey Spitz ("Spitz") a letter offering him various options to settle a credit card debt. The letter told Spitz, "After successful completion of the selected settlement option, your account will be reported to the creditor as settled." Asserting that this statement is misleading, Spitz brought this class action against NCI and unnamed John Does under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* NCI now moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and requests that the Court award it defense fees under the FDCPA's fee-shifting provision, 15 U.S.C. § 1692k(a)(3). For the reasons that follow, the Court grants the motion for judgment on the pleadings, but denies the request for fees.

## BACKGROUND

The Complaint alleges the following facts, which the Court accepts as true and construes in the light most favorable to Spitz, the nonmoving party. *See Hayden v. Paterson*, 594 F.3d 150, 157 n.4 (2d Cir. 2010).

Some time prior to May 2019, Spitz incurred a debt to American Express. (Complaint, Dkt. 1, ¶ 21.) NCI attempted to collect this debt on behalf of American Express, and on or around

1

May 12, 2019, NCI sent Spitz a collection letter that offered options to settle his debt. (*Id.* ¶¶ 25, 27–28; *see also* Answer, Dkt. 9, ¶¶ 25, 27–28.)

A copy of this letter is attached to the Complaint. (*See* Ex. A, Dkt. 1-1.) The heading of the letter displays NCI's name prominently—along with a P.O. Box address, what appears to be hours of operation, a telephone number, and a web address. (*Id.*) Off to the right is a shaded box that lists an "NCI ID," the "Creditor" as "AMERICAN EXPRESS," Spitz's "Account Number," his "Account Balance," and a date of "05/12/2019." (*Id.*) Below all of this is the body of the letter, which begins:

> Dear JEFFREY SPITZ:
>
> As tax refund time approaches, Nationwide Credit, Inc. ("NCI") is pleased to offer you multiple options to resolve your account.
>
> Please read each option carefully and select the one that suits you best. You should understand and consider the terms of any settlement before agreeing to it.

(*Id.*) The letter then provides a table detailing three different settlement offers. (*Id.*) Immediately below this table is the following language: "Payments will be applied to the existing Account Balance until successful completion of the selected settlement option. *After successful completion of the selected settlement option, your account will be reported to the creditor as settled.*" (*Id.* (emphasis added).)

Spitz alleges that the statement "your account will be reported to the creditor as settled" is misleading because it "does not specify whether this settlement [sic] will be reported to the credit bureaus as settled or simply to the creditor as settled." (Complaint, Dkt. 1, ¶ 30.) Spitz contends that he accordingly "sustained an informational injury as he was unable to ascertain whether completion of the settlement amount would be reported to only the creditor or to the credit bureaus as well." (*Id.* ¶ 34.) NCI agrees that its May 12, 2019 letter to Spitz nowhere states that it will report his debt as settled to the credit bureaus. (Answer, Dkt. 9, ¶ 32.) NCI, moreover, did not in

fact report Spitz's debt to credit bureaus—or, to use NCI's words, "did not credit report [Spitz's] account." (*Id.*) Spitz does not dispute this fact. (*See* Plaintiff's Supplemental Letter Response ("Pl.'s Supp. Resp."), Dkt. 17, at 2 (relying on the fact that NCI had not reported Spitz's account in the past).)

On November 27, 2019, Spitz brought suit individually and on behalf of a putative class, alleging that NCI violated the FDCPA, 15 U.S.C. § 1692e. (Complaint, Dkt. 1, ¶¶ 36–40.) NCI answered the Complaint. (Answer, Dkt. 9.) NCI then filed a motion for a pre-motion conference to discuss a proposed motion for summary judgment. (*See* Defendant's Letter for Pre-Motion Conference ("Def.'s Mot."), Dkt. 11.) By order dated March 17, 2020, the Court construed NCI's motion as one for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Following supplemental letter briefing, the Court took the motion under submission.

## DISCUSSION

### I. Legal Standard

A Rule 12(c) motion for judgment on the pleadings is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Hayden*, 594 F.3d at 160. Accordingly, "[t]o survive a Rule 12(c) motion, [a plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (per curiam)). This plausibility standard "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### II. Spitz's Pleadings Do Not State a Plausible Violation of the FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to

3

promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)). "These purposes inform the FDCPA's many provisions." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 89 (2d Cir. 2008). One of those provisions—the one that Spitz specifically alleges NCI violated—forbids a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A representation is "deceptive" or "misleading" under § 1692e if, from the perspective of the "least sophisticated consumer," the representation is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012) (per curiam) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

The least-sophisticated-consumer standard is an objective one that is forgiving, but not toothless. "[I]n crafting a norm that protects the naïve and the credulous the courts have carefully preserved the concept of reasonableness." *Clomon*, 988 F.2d at 1319; *accord Easterling*, 692 F.3d at 233; *Jacobson*, 516 F.3d at 90. Thus, the perspective of the least sophisticated consumer "does not extend to every bizarre or idiosyncratic interpretation of a collection notice." *Easterling*, 692 F.3d at 234 (quoting *Clomon*, 988 F.2d at 1319). Put differently, the least sophisticated consumer "does not have the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer, but is neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (internal quotation marks and citation omitted). In evaluating the § 1692e violation alleged here, the Court's inquiry under the least-sophisticated-consumer standard is whether such a consumer "could reasonably interpret the representation in a way that is inaccurate." *See Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 135 (2d Cir. 2017) (internal quotation marks and citation omitted).

The only representation in NCI's collection letter that Spitz alleges is deceptive or misleading is the statement, "After successful completion of the selected settlement option, your account will be reported to the creditor as settled." (*See* Complaint, Dkt. 1, ¶¶ 27–35.) As an initial matter, the parties agree that this statement is truthful. (*See* Def.'s Mot., Dkt. 11, at 1–2 ("NCI was not credit reporting [P]laintiff's debt. . . . NCI's letter was not misleading and deceptive because the settlement would have only been reported to the creditor, as NCI stated would occur."); Complaint, Dkt. 1, ¶ 31 ("The plain reading of the statement is that the settlement will be reported to the creditor . . . .").) Spitz nevertheless maintains that the statement is deceptive or misleading, in violation of § 1692e, because it fails to specify explicitly whether Spitz's account would be reported as settled *only* to the creditor, or if it would also be reported as settled to credit bureaus. (*See* Complaint, Dkt. 1, ¶¶ 29–30, 34.) The Complaint does not make clear how this renders the challenged statement deceptive or misleading. In his briefing, however, Spitz contends that the statement "reasonably invites the least sophisticated consumer to read [it] as meaning that NCI will report the debt to the credit bureaus"—an inaccurate representation. (*See* Plaintiff's Response ("Pl.'s Resp."), Dkt. 13, at 3.) Spitz's contention is without merit.

This not the first time that Spitz's counsel has brought this type of claim under similar facts. In *Cosio v. AFNI Inc.*, No. 19-CV-5230 (PHX) (DLR), 2020 WL 836546, at *1 (D. Ariz. Feb. 20, 2020), the defendant, a debt collector, sent the plaintiff a collection letter much like the one here, which stated in relevant part:

> DISCOUNT PAYMENT OFFER
>
> Save $63.95 and resolve your account.
>
> We are making another attempt to contact you regarding your overdue account. In an effort to resolve this matter, we will accept $95.92, 60% of the current balance. Once you pay this discounted amount, your account will be closed and marked settled in full with Afni, Inc. [the collector] and CENTURYLINK [the creditor].

5

*Cosio*, 2020 WL 836546, at *1. The plaintiff—represented by the same counsel as Spitz's here—filed a class action complaint for violations of the FDCPA, alleging that the letter was materially misleading under 15 U.S.C. § 1692e. *Id.* But the district court determined that "[a] consumer with a basic level of understanding and a willingness to read with care would have understood the entirety of the letter to mean that, in exchange for a payment of $95.92, AFNI and Centurylink would resolve and close the account," and that "[a]ny other interpretation [was] unreasonable." *Id.* at *2. The court concluded that the letter "likely would not mislead or deceive even the least sophisticated debtor, nor did the letter misstate the character, amount, or legal status of the debt." *Id.*

The same is true of the letter in this case. Even the least sophisticated consumer would understand that NCI's letter means precisely what it says: "After successful completion of the selected settlement option, your account will be reported to the creditor as settled." (Ex. A, Dkt. 1-1.) The creditor is plainly listed as American Express. (*Id.*) Spitz's notion that the statement "your account will be reported to the creditor as settled" could be interpreted to mean that NCI will report the account to the credit bureaus is not only counter-intuitive, it is illogical and unreasonable. As the Second Circuit reminds us in *Ellis*, the least sophisticated consumer may be naïve, "but is neither irrational nor a dolt." *Ellis*, 591 F.3d at 135.

Spitz's citations to cases such as *Johnson v. Enhanced Recovery Company*, 228 F. Supp. 3d 870 (N.D. Ind. 2017), *aff'd*, 961 F.3d 975 (7th Cir. 2020), and *Koller v. West Bay Acquisitions, LLC*, No. 12-CV-117 (CRB), 2012 WL 1189481, at *5 (N.D. Cal. Apr. 9, 2012), are unavailing. (*See* Pl.'s Supp. Resp., Dkt. 17, at 3, 4–5.) In *Johnson*, the court determined that the plaintiff had plausible claims under 15 U.S.C. § 1692e, where the defendant's letter stated that the plaintiff's delinquent account "may be reported" to the credit bureaus, when in fact it already had been, and

the placement of this statement was such that it could reasonably be interpreted as a misleading offer not to report the delinquent account. 228 F. Supp. 3d at 875–77. None of those circumstances are present here: not only does NCI's letter to Spitz make no mention of credit reporting, but NCI also did not report Spitz's debt to credit bureaus. (*See* Complaint, Dkt. 1, ¶ 32; Answer, Dkt. 9, ¶ 32.) Similarly, whereas in *Koller* the defendant's letter referred to "continued collection efforts," there is no such reference to the same in NCI's letter here. *See* 2012 WL 1189481, at *5. Neither *Johnson* nor *Koller* helps Spitz show that the least sophisticated consumer could reasonably interpret "your account will be reported to the creditor as settled" to mean that NCI will report the account to the credit bureaus.

The Court concludes that, even viewing the factual allegations in the light most favorable to Spitz, his pleadings fail to state a plausible claim under 15 U.S.C. § 1692e, and NCI is entitled to judgment on the pleadings.

### III. NCI is Not Entitled to Defense Fees

As part of its remedial scheme, the FDCPA gives district courts the discretion to award fees against abusive plaintiffs. *Jacobson*, 516 F.3d at 95. Specifically, if the Court finds that a case "was brought in bad faith and for the purpose of harassment," it "may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). This provision runs against the party, not the party's counsel. *Eisner v. Enhanced Recovery Co.*, 407 F. Supp. 3d 132, 138 (E.D.N.Y. 2019); *see also Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 56–57 (2d Cir. 2018) (affirming sanctions against the plaintiff under 15 U.S.C. § 1692k(a)(3), where the plaintiff played a substantial role in crafting his case's litigation strategy, and the district court had found that the plaintiff purposefully called the defendant in an effort to provoke an FDCPA violation).

Here, NCI has not met its burden of showing that it is entitled to fees under § 1692k(a)(3). NCI argues that it should be entitled to fees because Spitz brought claims based on "the patently false suggestion" that NCI was "credit reporting" his account, when a simple review of his credit report would have shown otherwise. (Def.'s Mot., Dkt. 11, at 3.) In other words, according to NCI, Spitz knew or should have known that his claims were misleading and frivolous. (*See* Defendant's Supplemental Letter Brief, Dkt. 16, at 4.) True, Spitz's claims are wholly without merit, and they should be dismissed. But without more, the Court declines to infer that Spitz brought the claims "in bad faith and for the purpose of harassment." *See* 15 U.S.C. § 1692k(a)(3). The FDCPA seeks to balance the aim of "eliminating abusive practices in the debt collection industry" with that of "ensur[ing] that 'those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" *Jacobson*, 516 F.3d at 89 (quoting 15 U.S.C. § 1692(e)). Here, the proper balance is achieved by simply dismissing Spitz's claims, not by also awarding attorney's fees to NCI.[1]

## CONCLUSION

The motion for judgment on the pleadings is granted. The request for fees is denied. The Clerk of Court is respectfully directed to enter judgment in favor of all Defendants and close this case.

---

[1] The Court, however, notes that it deliberated over whether, pursuant to its inherent authority under Rule 11 of the Federal Rules of Civil Procedure, to *sua sponte* sanction Plaintiff's counsel, who should have known that this Section 1692e claim is patently without merit and who appears to be bringing similarly meritless FDCPA claims elsewhere, *see*, *e.g.*, *Cosio*, 2020 WL 836546, presumably in hopes of scoring a quick settlement and attorney's fees. While the Court has decided against imposing a *sua sponte* sanction because there is not a sufficient indication of subjective bad faith, *see Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108–09 (2d Cir. 2013) (per curiam) (discussing the applicable standard for *sua sponte* sanctions, as established in *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90–91 (2d Cir. 2003)), it cautions Plaintiff's counsel to think carefully about the merits and viability of any FDCPA claim before filing another such lawsuit in the future.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: November 9, 2020
  Brooklyn, New York